Gray, J.
 

 The learned judge at special term vacated the injunction, theretofore granted restraining the defendant corporation from interfering with the plaintiff’s road-bed, on the ground that the plaintiff had not acquired title to the land, nor any right to occupy it. He stated, in his opinion, that the proceeding of defendant was “outrageous:” but considered the court could not interfere. In their opinion, the general term considered that a case had been made for the allowance of a preliminary injunction and that the same should be continued
 
 pendente lite,
 
 on the ground that the plaintiff had acquired a vested and exclu
 
 *840
 
 sive right to construct and operate its railroad on the line it had located.
 

 We think the general term were right in the view they took of the matter.
 

 The plaintiff, by its organization under the general railroad act of 1850, became possessed of the franchise to construct and operate a railroad between the terminal points named in its articles, over such a line of route as it should elect. When the initial steps, pointed out in the twenty-second section of the act, had been taken, there only remained for the plaintiff to acquire through purchase, or through proceedings
 
 in invitum,
 
 the right of way over the lands through which the line of route had been "surveyed. By the terms of that section every company formed under the act, before constructing any part of its road through any county, must make and file a map and profile of the route intended to be adopted and must give a written notice to all occupants of the land affected, of the time and place of filing and that the route designated passes over the land of such occupants.
 

 Clearly there is involved in these provisions the intention of the legislature that, after the initial proceedings have been taken, which the statute points out as the first action of the new corporation, the lands, over which the company’s route is located, shall be subjected to the right of the company thereafter to construct thereon.
 

 The legislative scheme contemplates the determination of the line of route to be in the discretion of the company,, to be exercised in the mode prescribed by law and its exercise, when in good faith and within the limits of its corporate powers, is only reviewable by the court in the case of an application by an occupant or owner of lands, feeling aggrieved by the proposed location of the road. This right to locate its line of road, at its election, is delegated to the corporation by the sovereign power; as is the right subsequently to acquire,
 
 in invitum,
 
 the right of way from the land owner and any land needed for the operation of its road. In this sovereign power is the source of the franchise, which the corporation possesses, to construct and operate a railroad, and its grant is for public and not for private purposes. Public considerations enter into the grant of the franchise and public policy favors the enterprise for the public convenience and use. When therefore a corporation has made and filed a map and survey of the line of route it intends to adopt for the construction of its road, and has given the required notice to all persons affected by such construction, and no change of route is made, as the result of any proceeding instituted by any land owner, or occupant, in our judgment, it has acquired the right to construct and
 
 *841
 
 operate a railroad upon such line ; exclusive in that respect as to all other railroad corporations and free from the interference of any party. By its proceedings it has impressed upon the lands a lien in favor of its right to construct, which ripens into title through purchase or condemnation proceedings. We could not hold otherwise without introducing confusion in the execution of such corporate projects and without violating the obvious intention of the legislature. The plaintiff’s franchises were invaded and its enjoyment of the statutory privileges disturbed by the action of the defendant company, in so building tracks upon plaintiff’s line of route as to obstruct and interfere with its proposed construction. The remedy by injunction was clearly available to the plaintiff on principles of equity jurisprudence. Story’s Eq. Jur., § 927;
 
 Osborn
 
 v.
 
 The U. S.
 
 Bank, 9 Wheat., 740;
 
 Croton Turnpike Co.
 
 v.
 
 Ryder,
 
 1 John. Ch., 611;
 
 T. & P. R. R. Co.
 
 v.
 
 W. & V. R. R. Co.,
 
 12 Phil., 642;
 
 Contra, Costa R. R. Co.
 
 v.
 
 Moss,
 
 23
 
 Cal.,
 
 323;
 
 Boston, etc., R. R. Co.
 
 v.
 
 Salem, etc., R. R. Co.,
 
 2 Gray., 1.
 

 The able opinion at general term, delivered by Barker J., renders further consideration of the points in this case unnecessary.
 

 The order of the general term appealed from should be affirmed with costs.
 

 All concur.